UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARBOR PROPERTY MANAGEMENT, INC., <br><br> Plaintiff, <br><br> v. <br><br> SHELDON BRAYLARK, TEUILA FAATOLO, and DOES 1-10, <br><br> Defendants. | Case No. CV 15-09610 SVW (RAOx) <br><br> [PROPOSED] ORDER REMANDING ACTION AND DENYING REQUEST TO PROCEED IN FORMA PAUPERIS |

I.

FACTUAL BACKGROUND

Plaintiff Harbor Property Management, Inc. ("Plaintiff") filed an unlawful detainer action in Los Angeles County Superior Court against Sheldon Braylark, Teuila Faatolo, and Does 1 to 10 ("Defendants") on or about October 23, 2015. Notice of Removal ("Removal") & Attached Complaint for Unlawful Detainer ("Compl."), Dkt. No. 1. Defendants are allegedly tenants of real property located in Harbor City, California ("the property"). Compl., ¶¶ 3, 6. Plaintiff is the landlord of the property. *Id.* at ¶ 4.

///

///

1  Defendants filed a Notice of Removal on December 14, 2015, invoking the
2  Court's federal question jurisdiction. Removal at 2-8. The same day, Defendant
3  Braylark filed a Request to Proceed In Forma Pauperis. Dkt. No. 3.

4  II.

5  DISCUSSION

6  Federal courts are courts of limited jurisdiction, having subject matter
7  jurisdiction only over matters authorized by the Constitution and statute. *See, e.g.,*
8  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128
9  L.Ed.2d 391 (1994). It is this Court's duty always to examine its own subject
10 matter jurisdiction, *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235,
11 163 L.Ed.2d 1097 (2006), and the Court may remand a case summarily if there is
12 an obvious jurisdictional issue. *Cf. Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*,
13 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an
14 opportunity to respond when a court contemplates dismissing a claim on the merits,
15 it is not so when the dismissal is for lack of subject matter jurisdiction.") (omitting
16 internal citations). A defendant attempting to remove an action from state to
17 federal court bears the burden of proving that jurisdiction exists. *See Scott v.*
18 *Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). Further, a "strong presumption"
19 against removal jurisdiction exists. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th
20 Cir. 1992).

21 Here, the Court's review of the Notice of Removal and the attached
22 Complaint makes clear that this Court has neither federal question nor diversity
23 jurisdiction over the instant matter. Plaintiff could not have brought this action in
24 federal court, in that Plaintiff does not allege facts supplying either federal question
25 or diversity jurisdiction, and therefore removal was improper. *See* 28 U.S.C.
26 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96
27 ///
28 ///

L.Ed.2d 318 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.") (footnote omitted).

First, there is no federal question apparent on the face of Plaintiff's complaint, which alleges only a simple unlawful detainer cause of action. *See Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, *2 (C.D.Cal. Nov. 22, 2010) ("An unlawful detainer action does not arise under federal law.") (citation omitted); *IndyMac Federal Bank, F.S.B. v. Ocampo*, No. EDCV 09-2337 PA(DTBx), 2010 WL 234828, at *2 (C.D.Cal. Jan. 13, 2010) (remanding an action to state court for lack of subject matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim).

There is no merit to defendants' contention that federal question jurisdiction exists because congressional enactment of Protecting Tenants at Foreclosure Act of 2009 ("PTFA") preempted state law in this subject matter. Removal at 2-6. The PTFA does not create a private right of action; rather, it provides a defense to state law unlawful detainer actions. *See Logan v. U.S. Bank Nat. Ass'n*, 722 F.3d 1163, 1164 (9th Cir. 2013) (affirming dismissal of the complaint because the PTFA "does not create a private right of action allowing [plaintiff] to enforce its requirements"). It is well settled that a "case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar*, 482 U.S. at 393, 107 S. Ct. at 2430. Thus, to the extent defendants' defenses to the unlawful detainer action are based on alleged violations of federal law, those defenses do not provide a basis for federal question jurisdiction. *See id.* Because Plaintiff's complaint does not present a federal question, either on its face or as artfully pled, the court lacks jurisdiction under 28 U.S.C. § 1331.

Second, there is no basis for diversity jurisdiction because the amount in controversy does not exceed the diversity jurisdiction threshold of $75,000. *See* 28 U.S.C. § 1332(a). The amount in controversy is determined from the complaint itself, unless it appears to a legal certainty that the claim is worth a different amount than that pled in the complaint. *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 354, 81 S.Ct. 1570, 6 L.Ed.2d 890 (1961); *Lowdermilk v. United States Bank Nat'l Assoc.*, 479 F.3d 994, 999 (9th Cir. 2007). In filing the action, Plaintiff explicitly limited its demand for damages to no more than $10,000. (*See* Compl. at 1.) Because the amount of damages that Plaintiff seeks appears to be below the jurisdictional minimum, the Court cannot exercise diversity jurisdiction in this case.

## III.
## CONCLUSION

Accordingly, IT IS ORDERED that this case is REMANDED to the Superior Court of California, County of Los Angeles, forthwith.

IT IS FURTHER ORDERED that Defendant's Request to Proceed In Forma Pauperis is DENIED as moot.

IT IS SO ORDERED.

DATED: 12/17/15

STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE

Presented by:

ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE

4